UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| ROBERT SCOTT, et al., Individually and On Behalf of All Others Similarly Situated, § § § § Plaintiff, § § vs. § § PURELINE TREATMENT SYSTEMS, § LLC § Defendant. § § | | COLLECTIVE ACTION COMPLAINT<br><br>CIVIL ACTION NO. 7:19-cv-156 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Robert Scott, on behalf of himself and all others similarly situated ("Plaintiff"), file this Original Complaint, as follows:

**I. PRELIMINARY STATEMENT**

1. Robert Scott worked for Pureline Treatment Systems, LLC ("Defendant") as a water treatment specialist. During his time with Defendant, Plaintiff typically worked at least 80 or more hours per week, often seven days per week. Defendant had a company-wide policy whereby it only paid its workers overtime if they worked more than 12 hours per day. This resulted in Plaintiff and other workers for Defendant being denied overtime for most of the overtime that they worked every week.

2. Plaintiff, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3. This collective action consists of:

**ALL INDIVIDUALS WHO: (A) WERE EMPLOYED BY DEFENDANT OVER THE PAST THREE YEARS; (B) WERE PAID ON AN HOURLY BASIS; AND (C) RECEIVED OVERTIME PAY ONLY FOR HOURS WORKED ABOVE TWELVE IN A DAY.[1]**

4. For at least three years prior to the filing of this Complaint, Defendant willfully committed widespread violations of the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II. PARTIES

5. Plaintiff is an individual who was formerly employed by Defendant. Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

6. Defendant Pureline Treatment Systems, LLC is foreign corporation with its principal place of business in Benesenville, IL 60106. Pureline may be served through its registered agent for service of process, Bradford T. Whitmore, 1603 Orrington Ave., Ste. 900, Evanston, IL, 60201, or where found.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

---

[1] Members of this proposed class with be referred to herein as "the Class Members."

8. This Court has personal jurisdiction over Defendant because Defendant is a Texas resident and has purposefully availed itself of the benefits and protections of Texas by establishing minimum contacts with Texas. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Specifically, much of the work performed by Plaintiff and those in the proposed class were performed in the greater Midland-Odessa area.

## IV. COVERAGE

10. At all relevant times, Defendant has acted, directly or indirectly, as an employer or joint employer with respect to Plaintiff and others similarly situated. Defendant is or was jointly responsible for all decisions related to the wages to be paid to the Class Members, the work to be performed by the Class Members, the locations of work performed by the Class Members, the hours to be worked by the Class Members, and the compensation policies with respect to the Class Members.

11. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that

said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

13. At all relevant times, Plaintiff, and others similarly situated, is or was an employee for Defendant who was engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

14. Pureline Treatment Systems, LLC is an oil and gas company specializing in implementation of chlorine dioxide solutions. Pureline uses high-purity chlorine dioxide generation equipment, in the water treatment process in the oilfields. Pureline has locations across the nation and around the world with field offices in different parts of Texas, including Big Spring, Texas. While it is unknown how many employees fall within Plaintiff's proposed class, Pureline typically has roughly twenty (20) individuals working at any given time in Big Spring, all or substantially all of whom are paid the same way Plaintiff was.

15. Plaintiff worked for Defendant as a water treatment specialist in Big Spring, Texas where Plaintiff performed fracking operations by pumping chemicals into fracked water. Plaintiff also drove one of Pureline's many F-150 trucks in the performance of his job duties. Defendant had a company-wide policy whereby it paid its workers overtime on a daily rather than weekly basis. For any hour worked over twelve in a day, then, and only then, would Plaintiff be paid overtime. Thus, if Plaintiff worked ten hour days for seven consecutive calendar days (and it was not unusual for Plaintiff to work seven consecutive days or more and work ten hours per day or more), he would be paid his base hourly rate for every hour he worked that week, despite working 30 hours of overtime. Such a pay scheme is a blatant violation of the FLSA.

16. No exemption excuses Defendant from paying Plaintiff and the other Class Members overtime rates under the FLSA. The members of the proposed class were all paid on an *hourly* basis, and thus none of them could fall within any of the white collar exemptions, as the *salary* basis is an essential element of all of the white collar exemptions.

17. Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

18. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

19. Plaintiff has retained the undersigned counsel to represent him and those similarly situated in this action. Pursuant to the FLSA, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. COLLECTIVE ACTION ALLEGATIONS

20. Other employees of Defendant have been victimized by the pattern, practice and policy of Defendant. Plaintiff is aware that the illegal practices and policies of Defendant has been imposed on other, similarly situated workers.

21. Plaintiff brings his claim on behalf of all current and former Class Members.

22. Defendant's compensation policies and procedures with respect to Plaintiff and the Class Members and wages paid to Plaintiff and the Class Members are substantially similar, if not identical.

23. Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiff or the Class Members.

24. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendant's liability under the FLSA.

25. Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims on his own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

26. Plaintiff requests that Defendant identify all prospective members of the proposed class of Class Members in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers.

27. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

28. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

29. Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

### VII. CAUSES OF ACTION - VIOLATIONS OF THE FLSA

30. The foregoing allegations are incorporated herein by reference.

31. Plaintiff and others similarly situated were or are non-exempt employees of Defendant.

32. Plaintiff and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

33. Defendant violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

34. In further violation of the FLSA, Defendant failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff and other similarly situated employees.

35. Plaintiff, individually and on behalf of others similarly situated, seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII. RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, respectfully requests that Defendant be required to answer and appear, and that on a final hearing, Plaintiff and other members of the collective action be awarded:

  a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

  b. Liquidated damages in an amount equal to the unpaid overtime compensation;

c. Attorney's fees, costs and expenses;

d. Pre- and post-judgment interest at the highest rates allowed by law; and

e. All other relief, at law or in equity, to which they, and others similarly situated, may be justly entitled.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Morgan Scott
State Bar No. 24106412
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com
morgan@oilfieldovertime.com

**ATTORNEYS FOR PLAINTIFF**